UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELLY S HAWKINS, individually and as assignee of Edwin G. Miguel,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY, EDWIN G. MIGUEL; FATEMAH S. ALSUWAIDAN; DOES AND DOE INSURANCE COMPANIES 1-5,<br><br>Defendants. | CASE NO. 2:21-cv-01459-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Shelly S. Hawkins moves the Court for an order remanding this case to the Snohomish County Superior Court for lack of federal diversity jurisdiction. Dkt. 12. Defendant Ace American Insurance Company ("Ace American") contends there is complete diversity between the parties who have been validly joined and served, and that the remaining non-diverse defendant has no viable interest in the litigation. Dkt. 15. The undersigned recommends that Plaintiff's motion to remand and for attorney's fees be granted.

BACKGROUND

This case arises from a motor vehicle collision on November 16, 2016 in Lynwood, Washington. Plaintiff was driving her vehicle when Defendant Fatemah Alsuwaidan drove her rental car into the back of Plaintiff's vehicle. Defendant Edwin Miguel, who was driving a van owned by Sears, crashed into Defendant Fatemah Alsuwaidan's vehicle, which then crashed into

REPORT AND RECOMMENDATION - 1

Plaintiff's vehicle. Dkt. 6, pp. 3-7; *id.*, p. 86. On September 20, 2018, Plaintiff filed a complaint for negligence in the Snohomish Superior Court against Edwin Miguel; A&E Factory Service or Sears Holding Management (Miguel's employer); and Fatemah Alsuwaidan and her husband. Dkt. 6, pp. 3-7.[1]

On January 8, 2019, the Bankruptcy Court overseeing the Chapter 11 reorganization of Sears extended the automatic stay to apply to all defendants in this action. Dkt. 16, Declaration of Lloyd Bernstein, Ex. 1 (Order Extending Automatic Stay to Certain Non-Debtor Parties signed by Judge Robert D. Drain in *In re Sears Holdings Corporation, et al.*, United States Bankruptcy Court for the Southern District of New York Case No. 18-23538 (RDD)).

On January 17, 2019, Plaintiff served the Alsuwaidans through the Secretary of State pursuant to RCW 46.64.040, which provides, in pertinent part:

> [The] operation [of a motor vehicle on the public highways of Washington state by a nonresident] ... shall be a signification of the nonresident's agreement that any summons or process against him or her which is served [upon the secretary of state of the state of Washington] shall be of the same legal force and validity as if served on the nonresident personally within the state of Washington. Likewise, each resident of this state who, while operating a motor vehicle on the public highways of this state, is involved in any accident, collision, or liability and thereafter at any time within the following three years cannot, after a due and diligent search, be found in this state appoints the secretary of state of the state of Washington as his or her lawful attorney for service of summons as provided in this section for nonresidents.

On April 5, 2021, the Bankruptcy Court lifted the automatic stay. Dkt. 16, Bernstein Decl. Ex. 2.

On June 23, 2021, Plaintiff settled her claims against Defendant Miguel (the "Settlement Agreement"). Defendant Miguel admitted his negligence caused the collision and Plaintiff's

---

[1] Plaintiff also alleged injuries from a second motor vehicle collision which occurred January 6, 2017, involving Jenni Wakida and John Doe Wakida. On May 3, 2019, Plaintiff voluntary dismissed her claims against the Wakidas. Dkt. 6, pp. 577-579.

REPORT AND RECOMMENDATION - 2

1  injuries and agreed to entry of a judgment against him in favor of Plaintiff in the amount of
2  $1,500,000.00. Dkt. 855-868. Defendant Miguel also assigned to Plaintiff, all his claims against
3  Ace American arising out of the collision and insurance contract, including claims for breach of
4  the duty of good faith and fair dealing, negligence, malpractice, breach of contract, breach of
5  fiduciary duty, and violations of the Washington Consumer Protection Act and Insurance Fair
6  Conduct Act. Dkt. 6, pp. 855-868. Plaintiff and Defendant Miguel contend that Ace American
7  failed to respond to attempts to Plaintiff's attempt to settle and rejected and refused a tender of
8  defense for Defendant Miguel. *Id.*, pp. 791-792.

9  According to the parties' handwritten amendments to the Settlement Agreement, their
10 intent was "that only Hawkins may pursue Miguel's reserved claims for non-economic damages.
11 Miguel reserves no causes of action or pursuable claims." And that "plaintiff shall pay [illegible]
12 to Miguel any such noneconomic damages she recovers"). *Id.*, p. 863. In exchange for the right
13 to pursue all assigned claims and remedies available to Defendant Miguel against Ace American,
14 Plaintiff agreed not to enforce or execute on any judgment against Defendant Miguel or his
15 personal assets. *Id.*, p. 864. On September 1, 2021, a Confession of Judgment was entered in
16 favor of Plaintiff against Defendant Miguel in the principal amount of $1,500,000.00. *Id.*, pp.
17 924-925 (the "Judgment").

18 On July 12, 2021, Plaintiff voluntarily dismissed her claims against A&E Factory Service
19 and Sears Holdings Management. Dkt. 6, pp. 766-767.

20 On September 10, 2021, the Snohomish County Superior Court granted Plaintiff leave to
21 amend her complaint. Dkt. 6, pp. 869-871. The court noted that Defendants Miguel and
22 Alsuwaidan are the only remaining defendants; Defendant Alsuwaidan had never appeared,
23 although "Plaintiff effected valid service of process upon Defendant Alsuwaidan on January 17,

REPORT AND RECOMMENDATION - 3

1  2019"; and Plaintiff is now the assignee of Defendant Miguel's causes of action against Ace
2  American. *Id.*, p. 870. The court granted the motion to amend without notice to Defendant
3  Alsuwaidan due to her failure to appear. *Id.*

4  On September 14, 2021, Plaintiff obtained an Order of Default and Default Judgment
5  against Defendants Alsuwaidan ("Default Judgment"). The state court based the Order of Default
6  on Plaintiff's substituted service of the Alsuwaidans on January 17, 2019, through the
7  Washington Secretary of State, pursuant to RCW Chapter 46.64. Dkt. 6, pp. 873-875 (Findings
8  and Conclusions); pp. 876-877 (Order of Default and Default Judgment). In a January 11, 2019
9  Declaration of Plaintiff's Counsel Regarding Compliance with RCW 46.64.040, counsel detailed
10 his due diligence attempts to locate Defendants Alsuwaidan prior to utilizing the substituted
11 service provisions of RCW 46.64.040. Included in these attempts was hiring a licensed private
12 investigator who determined that Defendant Alsuwaidan is probably from another country and
13 was in Washington visiting or on business at the time of the accident; there was no license
14 number or state of residence on the ticket or accident report; the address noted by the officer for
15 Defendant Alsuwaidan was a hotel address (Stay Bridge Suites in Mukilteo); Defendant
16 Alsuwaidan was driving a rental car; and none of the nationwide, statewide Washington or local
17 databases contained information on Defendant Alsuwaidan. Dkt. 6, pp. 85-86. Default Judgment
18 was entered against Defendants Alsuwaidan in the amount of $280.00. *Id.*

19  On September 15, 2021, Plaintiff filed a "Corrected Amended Complaint" in her
20 individual capacity and as "assignee of Edwin G. Miguel." Dkt. 1-2. Plaintiff alleges "upon
21 information and belief" that Defendants Miguel and Alsuwaidan reside in King County,
22 Washington. Ace American is a Pennsylvania corporation licensed to engage in the insurance
23 business in the State of Washington. *Id.*, p. 2. Plaintiff asserts a claim of negligence against

REPORT AND RECOMMENDATION - 4

1  Defendants Miguel and Alsuwaidan, various insurance-based tort claims against Ace American
2  (assigned to her by Defendant Miguel), including violations of the duty of good faith and fair
3  dealing and the Washington Insurance Fair Conduct Act. *Id.*, pp. 9-10.
4      On October 27, 2021, Ace American filed its Notice of Removal, pursuant to 28 U.S.C.
5  §§ 1332(a) and 1441(b). Dkt. 1, p. 3. Ace American asserted that "[c]omplete diversity exists
6  between all known parties who still have an interest in this action." Dkt. 1, p. 3. Ace American
7  did not obtain Defendant Miguel's consent to the removal and he does not consent to removal.
8  Dkt. 12-1, Declaration of Sean Malcolm, ¶¶ 4, 5, 6.
9      On November 24, 2021, Plaintiff filed a motion to remand and seeks attorney fees
10 pursuant to 28 U.S.C. § 1447(c) or sanctions under Rule 11. Dkt. 12. Plaintiff contends that
11 removal is improper because it is "undisputed" that she, Defendant Miguel, and Defendants
12 Alsuwaidan are "all residents of Washington and that these have been original defendants since
13 the time Plaintiff commenced the action in 2018." Dkt. 12, p. 4.

14                            DISCUSSION

15 A.    <u>Legal Standard – Motion to Remand</u>

16     "A civil case commenced in state court may, as a general matter, be removed by the
17 defendant to federal district court, if the case could have been brought there originally." *Martin*
18 *v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005); see 28 U.S.C. § 1441(a). An action is
19 removable to a federal court only if it might have been brought there originally. 28 U.S.C. §
20 1441(a). If at the time a defendant seeks to remove an action to federal court, there is complete
21 diversity among the parties and the matter in controversy is in excess of $75,000.00, the
22 requirements for removal have been met. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).
23 "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from

REPORT AND RECOMMENDATION - 5

each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

In addition to the complete diversity requirement, the removing defendants must obtain the consent of all defendants, with the exception of nominal parties (28 U.S.C. § 1446(b); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir.1986)) and parties who are fraudulently joined. *Hewitt*, 798 F.2d at 1232; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir.1988). A defendant is a nominal party where his role is limited to that of a stakeholder or depositary. *Hewitt*, 798 F.2d at 1233.

The Court must "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden to demonstrate removal was proper. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus*, 980 F.2d at 567).

B.  <u>Plaintiff's Motion to Remand</u>

Plaintiff urges that removal is improper because it is "undisputed" that she, Defendant Miguel, and Defendants Alsuwaidan are "all residents of Washington and that these have been original defendants since the time Plaintiff commenced the action in 2018." Dkt. 12, p. 4. At the outset, the Court notes that the operative complaint is Plaintiff's Corrected Amended Complaint filed on September 15, 2021 – the first pleading in which Plaintiff named Ace American and the first pleading "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3).

1)  <u>Defendants Alsuwaidan</u>

In its Notice of Removal, Ace American does not assert that Defendant Alsuwaidan is a diverse defendant but rather, asserts that "Defendant Alsuwaidan is also believed to be a resident

REPORT AND RECOMMENDATION - 6

of Washington." Dkt. 1, p. 4. Ace American argues that Defendant Alsuwaidan is not a party in interest for purposes of determining diversity because the September 14, 2021 Default Judgment entered against her "is a final determination of her rights." Dkt. 1, p. 4. Ace American relies on *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 573 (2004) for the proposition that settlement and dismissal of a diversity-destroying party cures the jurisdictional defect originally caused by such party.

*Grupo* does not support Ace American's position as the cure to the jurisdictional defect in *Grupo* "arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party." *Id.* at 575-76. Here, there was no change in citizenship of a continuing party. Moreover, as discussed below, the "conversion [of a nonremovable case] can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of the party or of parties defendant." *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir.1978). The Alsuwaidan Defendants have not been dismissed from this action.

Pursuant to Washington Superior Court Rule CR 54(b), a judgment against one party or upon one claim (in cases involving multiple claims or parties) is not final unless the court makes "an express determination in the judgment, supported by written findings, that there is no just reason for delay and upon an express direction for the entry of judgment." In the absence of such findings, any order which "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order … is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." The Snohomish County Superior Court made no such express determination when it entered the Default Judgment. Dkt. 6, pp. 876-77.

REPORT AND RECOMMENDATION - 7

Additionally, and for the first time in its opposition to the Motion to Remand, Ace American argues that the Alsuwaidan Defendants are diverse parties who were not validly served and are, therefore, not parties who needed to consent to removal. Ace American contends that Plaintiff's service of the Alsuwaidans is void as a matter of law because it occurred during the automatic bankruptcy stay and that Plaintiff was aware that Defendant Fatemah Alsuwaidan is "probably from another country" based on the findings of the private investigator engaged in attempting to locate the Alsuwaidans for service. Dkt. 15, p. 7; *see also* Dkt. 6, pp. 85-86. The Court need not address the merits of these arguments as they are not timely.

A defendant seeking to remove a case to federal court must do so within thirty days of being served with the complaint. *See* 28 U.S.C. § 1446(b). The notice of removal cannot be amended to add new bases for removal after the thirty-day removal period has run, nor can a defendant present new grounds for removal for the first time in opposition to a motion for remand. *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1117 (9th Cir.2000); *Satcher v. Stanislaus,* 2020 WL 885768 (W.D. Wash. 2020 (citing *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988) and *Rader v. Sun Life Assur. Co. of Canada*, 941 F. Supp. 2d 1191, 1196 (N.D. Cal. 2013)). Thus, the court does not consider the merits of these newly asserted grounds.

Because the state court record reflects that Defendants Alsuwaidan were validly served and remain parties in this action, their joinder or consent to the removal of the action was required. §1446(b)(2)(a); *See Hewitt,* 798 F.2d at 1232 (In a case involving multiple defendants, "[a]ll defendants must join in a removal petition.") Ace American's Notice of Removal fails to sufficiently identify the diversity citizenship of the Alsuwaidans and therefore, Plaintiff's motion to remand should be granted. *See e.g.*, *Paris v. Michael Aram, Inc.*, 2018 WL 501560, at *1-*2

REPORT AND RECOMMENDATION - 8

(C.D. Cal. Jan 22, 2018) (finding that diversity was not established when notice of removal alleged only that plaintiff was "residing" and working in California); *Kanter v. Warner-Lambert Co.*, 52 F.Supp. 2d 1126 (N.D. Cal. 1999), *aff'd*, 265 F.3d 853 (9th. Cir. 2001) (motion to remand granted because notice of removal failed to allege citizenship of defendants).

    2) <u>Defendant Miguel</u>

It is not disputed that Defendant Miguel was served with the Corrected Amended Complaint, that he is a resident of the State of Washington, and that he did not consent to removal. In its Notice of Removal, Ace American contends that Defendant Miguel is not a party in interest for purposes of determining diversity because the Settlement Agreement and Judgment entered in the state court action is "a final determination of his rights." Dkt. 1, pp. 3-4.

Defendant Miguel has not been dismissed from the Snohomish County lawsuit and Plaintiff asserts a claim of negligence against him in her Corrected Amended Complaint. However, relying on the "voluntary-involuntary rule," Ace American argues that a formal dismissal of Defendant Miguel from the Snohomish County lawsuit is not required because Plaintiff effectively abandoned her claims against Defendant Miguel through settlement and agreement not to enforce the judgment.

Two principles are relevant to this issue. First, that the existence of federal jurisdiction is to be determined solely by an examination of the plaintiff's case, without recourse to the defendant's pleadings. *Self*, 588 F.2d at 657 (internal citations omitted). Second, that a suit must remain in state court unless a "voluntary" act of plaintiff brings about a change that renders the case removable, i.e., the "voluntary-involuntary" rule. *Id.* at 657-658 (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898) and other cases in the development of the rule). As explained by the Supreme Court in *Great Northern Ry v.*

REPORT AND RECOMMENDATION - 9

*Alexander,* 246 U.S. 276, 281-82, 38 S.Ct. 237, 62 L.Ed. 713 (1918):

> The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, In invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

Here, there is no allegation or evidence of a fraudulent purpose to defeat removal. Ace American's contention is that by settling with Defendant Edwin Miguel and entering a judgment against him, Plaintiff resolved all her negligence claims against him and there are no claims left for her to pursue against him. Alternatively, Ace American argues that Defendant Miguel's consent to removal was not required because his interests are aligned with those of Plaintiff.

In the Ninth Circuit, a suit not removable when first filed in state court only becomes removable by a plaintiff's voluntary act. *Self*, 588 F.2d at 657-60. *Accord Harris v. Moore*, No C16-1683-JLR, 2017 WL 3288559 at *3 (W.D. Wash. Mar. 1, 2017). In *Self*, the Ninth Circuit concluded that even a final judgment in favor of the non-diverse defendant did not provide grounds for the diverse defendant to remove the action. *Self,* 588 F.2d at 660. This Court has consistently stated that "[i]t is well-settled that 'settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action.'" *Stroman v. State Farm Fire & Cas. Co*., No. C18-1297-RAJ, 2019 WL 1760588 at *2 (W.D. Wash. Apr. 22, 2019) (quoting *Bishop v. Ride the Ducks Int'l*, LLC, C18-1319-JCC, 2018 WL 5046050 at *2 (W.D. Wash. Oct. 17, 2018) (cited source omitted)). Despite this authority, Ace American argues that adherence to *Self* would be misplaced in this situation, where the Plaintiff has effectively eliminated Defendant Miguel "with no remaining stake in the current litigation." Dkt. 15, p. 18.

REPORT AND RECOMMENDATION - 10

In *Stroman* and *Bishop*, this Court was tasked with determining whether bad faith justifying removal existed where, more than a year after the filing of the complaint, the case had been dismissed by a state court following settlement and removed. *See*, *e.g.*, *Stroman*, 2019 WL 1760588 at *2-3; *Bishop*, 2018 WL 5046050 at *1-2. The Court also recognized the need for dismissal of the non-diverse defendant by the state court prior to removal. *See Stroman*, 2019 WL 1760588 at *2 (stating that, "even if [a] settlement agreement [had been] negotiated prior to the one-year cut off date, diversity jurisdiction would not be established until [the non-diverse defendant] was actually dismissed."); *Bishop*, 2018 WL 5046050 at *2 ("But 'settlement with a non-diverse party does not establish diversity jurisdiction unless and until that party is dismissed from the action.'") (quoting *Dunkin v. A.W. Chesterton Co.*, C10-458, 2010 WL 1038200 at *2-3 (N.D. Cal. Mar. 19, 2010) (finding "settlement is insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been entered" by the state court) (citing *Self*, 588 F.2d at 659)). *See also Price, as Trustee of Vivian Price Family Trust v. AMCO Insurance Company*, 2017 WL 4511062, *2 (E.D. Cal. October 10, 2017) ("Although the decision in *Self* does not definitively answer the question now before this court, it provides strong support for the conclusion that removal is improper until and unless the non-diverse defendant has been formally dismissed from the action.") (citing to several district courts within the Ninth Circuit which have ruled accordingly).

Based on the foregoing, the undersigned concludes that removal jurisdiction was not conferred in this case upon the Settlement and Judgment.

Ace American also argues that Defendant Miguel's consent or joinder in the removal was not required as his interests are aligned with Plaintiff's. "If the interests of a party named as a defendant coincide with those of the plaintiff in relation to the purpose of the lawsuit, the named

defendant must be realigned as a plaintiff for jurisdictional purposes." *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)

Even if Defendant Miguel were realigned as a plaintiff for jurisdictional purposes, there remains a lack of diversity jurisdiction because Washington residents would still be on both sides of the case (Plaintiff/Miguel and Defendant Alsuwaidan). Moreover, the Court is not convinced that Defendant Miguel is a nominal defendant. Plaintiff has affirmatively stated a cause of action against him, and he has not been dismissed from the state court action. Thus, he is more than just a depositary but is a party to whom liability may attach.[2]

For the reasons stated herein and consistent with the directive to strictly construe the removal statute against removal, the undersigned concludes that this case should be remanded as Ace American has failed to establish complete diversity, depriving this Court of jurisdiction and invalidating its attempt to remove this matter to federal court.

C.   Attorneys' Fees and Costs

Plaintiff moves this Court for "sanctions against Ace American under Fed. R. Civ. P. 11, and/or reasonable attorney's fees incurred in filing this motion pursuant to 28 U.S.C. § 1447(c)."

The removal statute authorizes an award of attorney's fees when the court remands a case as the result of improper removal. 28 U.S.C. § 1447(c). Fees are appropriate when removal lacks "an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id*. Rather, the court

---

[2] Ace American's contention that Defendant Miguel's interests are in complete alignment with those of the Plaintiff is also diminished by its allegations that the Settlement and Judgment are void or voidable. *See* Dkt. 10, ¶¶ 8.9, 8.10, 8.11, 8.12.

REPORT AND RECOMMENDATION - 12

must determine whether the defendant's arguments supporting removal were "clearly foreclosed." *Id*. at 1065-66.

The undersigned finds that Plaintiff's motion for costs and expenses, including attorneys' fees should be granted. Such an award is appropriate here as the Court has found no tangible support for Ace American's position. Established Ninth Circuit authority supports the conclusion that removal is improper until and unless the non-diverse defendant has been formally dismissed. Additionally, Ace American sought to rely on untimely assertions of additional grounds for removal in its opposition.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **January 24, 2022**. The Clerk should note the matter for **January 26, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 10th day of January, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13