HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHELLEY S. HAWKINS,

       Plaintiff,

   v.

ACE AMERICAN INSURANCE COMPANY, *et al.*,

       Defendants.

Case No. 21-cv-01459-RAJ

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff's motion for attorneys' fees. Dkt. # 23. The Court **GRANTS** the motion.

## II.  BACKGROUND

On September 20, 2018, Plaintiff Shelley Hawkins commenced a state court personal injury action for negligence against Defendant Miguel and other defendants. Dkt. #1-3 at p. 3. On October 27, 2021, Ace American filed its Notice of Removal. Dkt. #1. Plaintiff later filed a Motion to Remand and further requested that the Court order Ace American to pay attorney fees pursuant to 28 U.S.C. § 1447(c), given Plaintiff's assertion that Ace American lacked an objectively reasonable basis for seeking removal. Dkt. # 12.

In its June 22, 2022 Order Adopting Report and Recommendation, the Court followed the recommendation of Magistrate Judge Tsuchida and granted Plaintiff's Motion to Remand and request for attorney fees incurred under 28 U.S.C. § 1447(c). Dkt. # 22.

ORDER – 1

The Court further ordered that Plaintiff shall submit any request for attorney fees and costs by way of a separate motion within seven days. *Id*. Plaintiff then brought this Motion for Attorney Fees. Dkt. # 23.

### III.   DISCUSSION

The Court turns to the calculation of attorneys' fees.  Fees are appropriate when a removal lacks "an objectively reasonable basis." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Removal is not objectively unreasonable "solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Id*. This Court previously determined that there was no tangible support for Defendant's removal. Dkt. # 18 at 13.

The proper way for the Court to determine attorneys' fees and costs is by using the lodestar method.  To calculate the lodestar amount, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 406 (9th Cir. 1990); *Bowers v. Transamerica Title Ins. Co.*, 100 Wash. 2d 581, 597 (1983).  The hours reasonably expended must be spent on claims having a "common core of facts and related legal theories." *Martinez v. City of Tacoma*, 81 Wash. App. 228, 242–43 (1996); *Webb v. Sloan*, 330 F.3d 1158, 1168-69 (9th Cir. 2003).  The Court discounts hours spent on unsuccessful claims, overstaffing, duplicated or wasted effort, or otherwise unproductive time. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *Bowers*, 100 Wash. 2d at 597, 600.  The Court may adjust the lodestar calculation "up or down to reflect factors, such as the contingent nature of success in the lawsuit or the quality of legal representation, which have not already been taken into account in computing the 'lodestar' and which are shown to warrant the adjustment by the party proposing it." *Id*. at 594 (citing *Miles v. Sampson*, 675 F.2d 5, 8 (1st Cir. 1982))

ORDER – 2

(emphasis in original); *see also Chalmers*, 796 F.2d at 1212.

### A. Reasonably Hourly Rate

The established rate for billing clients may be a reasonable hourly rate, but it is not conclusive. *Bowers*, 100 Wash. 2d at 597. In addition to the established rate, the court may consider the level of skill required by the litigation, time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. *Id.*; *see also Chalmers*, 796 F.2d at 1210-11. Affidavits of the attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for an attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

The hourly rates of Plaintiff's counsel are reasonable based on counsel's relative experience and prevailing market rates. *See* Dkt. # 23-1. Terence Traverso has over 20 years of experience and billed at a rate between $500-$600 per hour. *Id*. at 2. A rate of $500 is supported by this district's case law. *See Paulson v. Principal Life Ins. Co.*, 16-5268 RBJ, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (approving hourly rate of $500 for attorney with approximately 20 years of experience); *see also Lauer v. Longevity Med. Clinic PLLC*, C13-0860 JCC, 2016 WL 2595122, at *3 (W.D. Wash. May 4, 2016) (approving hourly rate of $500).

Counsel claims that his $500 hourly rate should be adjusted upward for the level of skill required by the litigation, the time limitations imposed on the litigation, the amount of the potential recovery, the attorney's reputation, and the undesirability of the case. Dkt. # 23 at 5-6. The Court agrees with Defendant that Plaintiff has not provided adequate support for an enhancement and the base loadstar rates adequately compensate him for his work on this case. Dkt. # 24 at 4 (citing *Campbell v. Catholic Cmty. Servs. of W.*

ORDER – 3

*Washington*, 2012 WL 13050592, at *4 (W.D. Wash. Aug. 8, 2012) (rejecting an enhancement multiplier award based on the contingent nature of the matter)).

### B.      Reasonableness of the Hours

The attorneys seeking fees must provide "reasonable documentation of the work performed" in order to allow the court to assess whether the number of hours expended was reasonable. *McGreevy v. Or. Mut. Ins. Co.*, 951 P.2d 798, 802 (Wash. App. 1998). The court will "exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." *Mahler v. Szucs*, 957 P.2d 632, 651 (Wash. 1998), *overruled on other grounds by Matsyuk v. State Farm Fire & Cas. Co.*, 272 P.3d 802 (Wash. 2012). Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorneys' fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on specific activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

After thoroughly reviewing each time entry, the Court finds that a reduction in hours is warranted. Plaintiff's counsel spent a total of 51.2 hours in connection with motion to remand, an extraordinary amount for an attorney with over 20 years' experience. Dkt. # 23-1. Other courts in this circuit have found that 11 to 18 hours is a reasonable amount of time for an experienced attorney to expend on a motion to remand. *See Williams v. Ruan Transp. Corp.*, No. 1:13-CV-01157-LJO, 2013 WL 6623254, at *5 (E.D. Cal. Dec. 16, 2019) (finding 12 hours incurred on a motion to remand by attorney with thirty years of experience reasonable); *Beauford v. E.W.H. Group Inc.*, No. 1:09-CV-00066-AWISMS, 2009 WL 3162249, at *8 (E.D. Cal. Sept. 29, 2009) (concluding that 11.87 hours is a reasonable number of hours to expend on a motion to remand); see *also Gutowski v. McKesson Corp.*, No. C 12-6056 CW, 2013 WL 3242265, at *2 (N.D. Cal June 25, 2013) (holding that 11.6 hours incurred in relation to motion to remand is not unreasonable). Seeking remand is a fairly standard procedural matter, especially in a case such as this.

ORDER – 4

Accordingly, the Court finds that a reasonable amount of time for Plaintiff's counsel to expend on remand would be 12 hours.

### C. Lodestar Determination

After considering the experience of Plaintiff's Counsel and eliminating unrelated and excessive charges, the Court finds the reasonable fee award in this case to be $6000.00. This amount corresponds to the following lodestar figure calculation:

Terence Traverso (12.0 x $500) = $6,000.00

TOTAL = $6,000.00

### III. CONCLUSION

For the reasons stated above, the Court awards Plaintiff's counsel fees in the amount of $6,000.

DATED this 20th day of March, 2023.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5